UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS ROBERTS,

        Plaintiff,

v.                            CASE NO.:

ACUITY PROFESSIONAL PLACEMENT
SOLUTIONS, LLC, a Florida limited liability
Company, ROBERT MCCAULEY,
and WILLIAM CAMP,

        Defendants.

_____/

## DEFENDANTS ACUITY PROFESSIONAL PLACEMENT SOLUTIONS, LLC, ROBERT MCCAULEY, AND WILLIAM CAMP'S NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF FLORIDA

Defendants Acuity Professional Placement Solutions, LLC, Robert McCauley, and

William Camp ("Defendants"), by their attorneys, Williams Parker Harrison Dietz &

Getzen, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and Local Rule 4.02, remove this

action styled "Nicholas Roberts v. Acuity Professional Placement Solutions, LLC, Robert

McCauley, and William Camp," designated Case No. 2017-CA-001158 NC, from the

Circuit Court of the 12th Judicial Circuit in and for Sarasota County, Florida, in which the

action is now pending, to the United States District Court for the Middle District of Florida,

Tampa Division.

1

Pursuant to 28 U.S.C. § 1446, in support of this removal, Defendants state as follows:

1.    The Complaint in this action was filed in the Circuit Court of the 12th Judicial Circuit, in and for Sarasota County, Florida, and served on Defendants Robert McCauley, William Camp, and Acuity Professional Placement Solutions, LLC, on March 10, 2017. Copies of the Summonses, Complaint, and other documents which have been filed in State Court are attached as composite **Exhibit A**.

2.    This is a civil action in which the District Courts of the United States have original jurisdiction, in that this action alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") Thus, the suit raises a federal question, and there is original jurisdiction in the District Court of the United States as provided in 28 U.S.C § 1331.

3.    Under the provisions of 28 U.S.C. § 1367 (a) " …the District Courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case…" The District Court has supplemental jurisdiction in this case over the alleged claim of unpaid wages under Florida Statutes, Chapter 448, as it is so related to the alleged claim under the FLSA.

4.    Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Circuit Court of the State of Florida, in and for Sarasota County, to the United States District Court for the Middle District of Florida, Tampa Division, which embraces the place where this action is pending.

5.     This Notice of Removal is filed within thirty (30) days after service of the complaint on Defendants, which occurred on March 10, 2017.

6.     A Notice to State Court of Filing Notice of Removal will be filed in the Circuit Court of the 12th Judicial Circuit, in and for Sarasota County, Florida in accordance with 28 U.S.C. § 1446(d). (See **Exhibit B** attached).

7.     Composite **Exhibit A** includes all documents filed with the Circuit Court, including, but not limited to, the Summonses and Complaint.

WHEREFORE, for the above-stated reasons, Defendants pray that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of this civil action from the state court, and direct that the Circuit Court of the State of Florida, 12th Judicial Circuit, in and for Sarasota County, Florida, have no further jurisdiction of this matter unless and until this civil action is remanded.

Respectfully submitted this 7th day of April, 2017.

/s/ Gail E. Farb
Gail E. Farb
Florida Bar No. 0619191
Tommy E. Gregory
Florida Bar No. 0374120
Attorneys for Defendants
Williams Parker Harrison Dietz & Getzen
200 South Orange Avenue
Sarasota, FL  34236
Telephone: 941-366-4800
Facsimile:  941-366-5109
Email: gfarb@williamsparker.com
Email: tgregory@williamsparker.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I served the foregoing document by first-class mail and email to the following non-CM/ECF participant Attorney for Plaintiff, Jesse M. Tilden, Esq., service@tildenprohidney.com, Tilden & Prohidney, P.L., 431 12th Street West, Suite 204, Bradenton, Florida 34205.

/s/ Gail E. Farb
Gail E. Farb
Florida Bar No. 0619191
Tommy E. Gregory
Florida Bar No. 0374120
Attorneys for Defendants
Williams Parker Harrison Dietz & Getzen
200 South Orange Avenue
Sarasota, FL 34236
Telephone: 941-366-4800
Facsimile: 941-366-5109
Email: gfarb@williamsparker.com
Email: tgregory@williamsparker.com